# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT JAMES CRAFT, | Case No. CV 11-2166-VBF (JEM) |
| Petitioner, | |
| v. | MEMORANDUM AND ORDER DISMISSING SUCCESSIVE PETITION FOR WRIT OF HABEAS CORPUS |
| CTF-WARDEN GATES, | |
| Respondent. | |

On March 14, 2011, Scott James Craft ("Petitioner"), a prisoner in state custody proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 ("Petition"), in which he challenges his 1996 state court judgment of conviction in Los Angeles County Superior Court Case No. LA021481 (the "1996 conviction"). (Petition at 2.) Petitioner has filed at least two other petitions in this Court challenging the 1996 conviction, which have been adjudicated on the merits. For the reasons set forth below, the Petition must be dismissed as an unauthorized successive habeas petition.

**PROCEEDINGS**

<u>The 1996 Conviction</u>

On January 31, 1996, Petitioner was convicted in Los Angeles County Superior Court of second degree murder with a handgun enhancement (Cal. Penal Code §§ 187, 12022.5). The trial court sentenced Petitioner to 25 years to life in prison. (Petition at 2.)

<u>State Post-Conviction Proceedings</u>

Petitioner appealed his conviction, which was affirmed by the California Court of Appeal on October 3, 1997. (Petition at 2-3.)

Petitioner filed a petition for review in the California Supreme Court, which was denied on January 22, 1998. (Petition at 3.)

Thereafter, Petitioner exhausted his remedies in state court. (Petition at 4-5.)

<u>Federal Habeas Proceedings</u>

On July 27, 1999, Petitioner filed a petition for writ of habeas corpus in the United States District Court for the Central District of California, <u>Scott James Craft v. Gail Lewis</u>, Case No. CV 99-7737-FMC (JWJ) ("1999 Federal Petition"), in which he attacked the 1996 conviction.

On February 1, 2003, the Magistrate Judge filed a Report and Recommendation recommending that the 1999 Federal Petition be denied on the merits and dismissed with prejudice. On March 25, 2003, the District Judge issued an Order adopting the Report and Recommendation and entered Judgment denying the 1999 Federal Petition and dismissing it with prejudice.

On January 17, 2007, Petitioner filed a second petition for writ of habeas corpus in the United States District Court for the Central District of California, <u>Scott James Craft v. D.K. Sisto, Warden</u>, Case No. CV 07-0392-VBF (JWJ) ("2007 Federal Petition"), in which he again attacked the 1996 conviction.[1]

---

[1] The Court takes judicial notice of its own files and records in the cases <u>Scott James Craft v. Gail Lewis</u>, Case No. CV 99-7737-FMC (JWJ), and <u>Scott James Craft v. D.K. Sisto, Warden</u>, Case No. 07-0392-VBF (JWJ).

On February 15, 2007, the Magistrate Judge filed a Report and Recommendation recommending that the 2007 Federal Petition be dismissed as an unauthorized successive habeas petition. On April 6, 2007, the District Judge issued an Order adopting the Report and Recommendation and entered Judgment dismissing the 2007 Federal Petition without prejudice as successive.

On March 14, 2011, Petitioner filed the instant Petition, which also attacks the 1996 conviction.

**DISCUSSION**

**I.     Duty to Screen**

This Court has a duty to screen habeas corpus petitions. See Rules Governing § 2254 Cases in the United States District Courts, Rule 4 Advisory Committee Notes. Rule 4 requires a district court to examine a habeas corpus petition, and if it plainly appears from the face of the petition and any annexed exhibits that the petitioner is not entitled to relief, the judge shall make an order for summary dismissal of the petition. Id.; see also Local Rule 72-3.2.

**II.    Successive Petitions**

The instant Petition must be dismissed as a successive petition over which this Court lacks jurisdiction. The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") "greatly restricts the power of federal courts to award relief to state prisoners who file second or successive habeas corpus applications." Tyler v. Cain, 533 U.S. 656, 661 (2001). AEDPA "creates a 'gatekeeping' mechanism for the consideration of second or successive applications in district court." Felker v. Turpin, 518 U.S. 651, 657 (1996); see also Stewart v. Martinez-Villareal, 523 U.S. 637, 641 (1998). Second or successive habeas petitions are subject to the "extremely stringent" requirements of AEDPA. Babbitt v. Woodford, 177 F.3d 744, 745 (9th Cir. 1999). "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Second or successive habeas petitions filed in the district court without an

authorizing order from the court of appeals shall be dismissed. See 28 U.S.C. § 2244(b); see also Burton v. Stewart, 549 U.S. 147, 153 (2007) (where petitioner neither sought nor received authorization from Court of Appeals before filing second or successive petition, district court should have dismissed petition for lack of jurisdiction).

"'When the AEDPA is in play, the district court may not, in the absence of proper authorization from the court of appeals, consider a second or successive habeas application.'" Cooper v. Calderon, 274 F.3d 1270, 1274 (9th Cir. 2001) (quoting Libby v. Magnusson, 177 F.3d 43, 46 (1st Cir. 1999)).

The instant Petition challenges the same 1996 conviction that Petitioner challenged in the 1999 and 2007 Federal Petitions. The Court denied the 1999 Federal Petition on the merits and dismissed it with prejudice. The Court also dismissed the 2007 Federal Petition as successive.

Under AEDPA, Petitioner was required to obtain an order from the Ninth Circuit authorizing the Court to consider his claims prior to filing the instant Petition. Because he did not do so, this Court is without jurisdiction to entertain the Petition. Burton, 549 U.S. at 153; see also 28 U.S.C. § 2244(b)(3)(A).

**ORDER**

ACCORDINGLY, IT IS HEREBY ORDERED that the Petition be DISMISSED without prejudice to Petitioner filing a new petition if he obtains the necessary authorization from the Ninth Circuit.

DATED: March 29, 2011

VALERIE BAKER FAIRBANK
UNITED STATES DISTRICT JUDGE

4